Helen H. REYNOLDS

v.

Patrick F. COOMEY, District Director,
U. S. Immigration and Naturalization
Service, et al.

Civ. A. No. 74–4068–C.

United States District Court,
D. Massachusetts.

March 19, 1976.

Harold Putnam, Boston, Mass., for plaintiff.

James N. Gabriel, U. S. Atty., William A. Brown, Asst. U. S. Atty., Boston, Mass., for defendants.

MEMORANDUM and ORDER

CAFFREY, Chief Judge.

This is a civil action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 2000e *et seq.* Plaintiff challenges the sufficiency of the remedy accorded her as a result of a United States Department of Justice Complaint Adjudication Officer's decision that she was discriminated against because of her race in the course of her seeking promotions while employed by the United States Immigration & Naturalization Service (INS). The matter came before the Court upon the defendants' motion to dismiss or for summary judgment.

It is undisputed that plaintiff, a black woman, has been an employee in the Boston District Office of the INS since 1941, at which time she entered employment as a Clerk-Typist, CAF–1. She has been continuously employed by the INS since that time except for two periods of maternity leave. As of the time of the filing of this action, her last promotion was in 1961 when she was promoted to the grade of GS–5.

The instant complaint is addressed to allegedly discriminatory acts by defendant Patrick F. Coomey, who was Acting District Director, Boston District Office, INS, in

February 1961, and became District Director on April 29, 1971.

Plaintiff first met with an Equal Employment Opportunity (EEO) counselor in November 1973, at which time she alleged that she was discriminated against because of her race in not being selected for the position of Assistant Chief, Records Administration and Information Section (RAIS), a GS–7 position, on October 2, 1973. After informal attempts to resolve the complaint failed, a formal complaint of employment discrimination was filed which cited defendant Coomey as the discriminating official. Plaintiff alleged that a pattern of discrimination was established on the basis of prior non-selections for promotion in 1970, 1971 and 1972.

Plaintiff was notified on February 6, 1974 by the INS EEO officer that, upon investigation, her allegations of discrimination were unsupported. Subsequent to that notification, and pursuant to her request therefor, a hearing was held on April 22, 1974 before a U.S. Civil Service Commission Examiner. The plaintiff and INS were represented by counsel, and oral and documentary evidence was presented.

After the hearing, the Examiner reported his findings and proposed remedy. The principal issue addressed by the Hearing Examiner in his report was framed by him as follows:

"Were [plaintiff's] race (Negro) and/or sex (female) considerations in her nonselection for the position of Assistant Chief, GS–7, RAIS, on October 2, 1973?"

Parallel issues were also raised and addressed by the Examiner in his report:

". . . with respect to seven previous promotional opportunities on which [plaintiff] relies . . . to base her allegations of a pattern of discrimination ending in [plaintiff's nonselection in October 1973]."

The Examiner found that:

"Mrs. Reynolds was in a dead-end position in the Citizenship Branch from which she could not reasonably expect any promotion notwithstanding her record of good attendance, five performance awards, excellent recommendations for promotion by her first and second line supervisors, and approximately 31 years of service with INS."

Findings, p. 14, ¶ 14.

The question for the Examiner thus became whether plaintiff was denied equal employment opportunity by INS due to the fact that she was

" 'locked in' the Citizenship Branch, with little or no opportunity to broaden her experience in the work done in other Branches of [INS], so that she could compete with others for [job promotions]."

Findings, p. 14, ¶ 14.

The Examiner found that the plaintiff was indeed denied equal opportunity for promotion and, in this respect, was the victim of what he characterized as "systemic" racial discrimination.

The Examiner found that the Northeast Region of the INS has a "Plan of Action for Equal Employment Opportunity," in which there are objectives entitled "Enhancement of employee skills and upward mobility." (Findings, p. 14, ¶ 14). These objectives prescribe methods by which the particular agency can meet the goals of the Plan. The Examiner found that plaintiff's first and second line supervisors "knew little or nothing" about INS's Plan of Action, (see Transcript of Hearing, April 22, 1974, at pp. 51, 55, 61, 62, 65) notwithstanding the fact that the INS

"has made a commitment and has an obligation to make certain that the affirmative action plan for equal opportunity is real, workable, and utilized by those responsible for achieving its goals."

Findings, pp. 14–15, ¶ 14.

The Examiner thus concluded that

". . . Mrs. Reynolds, as a minority group . . . employee . . . was not given consideration for career development under the INS affirmative action plan and that failure to do so effectively deprived her of opportunity for promotions which non-minority employ-

ees enjoyed solely by virtue of their positions in other organized units."

Findings, p. 15, Conclusions, ¶ 2.

Pursuant to the Examiner's conclusion that, broadly viewed, the evidence supported plaintiff's allegation of racial discrimination, the Examiner recommended a course of action designed to give plaintiff "true equality for promotional opportunity."

The Examiner recommended that the plaintiff be provided a career development plan together with priority consideration for promotion "to the next position vacancy which shall become available for which she would be among the best qualified candidates . . ." Findings, p. 16. He also recommended that supervisory personnel of the Boston Office, INS, be given training relative to the Agency Plan of Action.

The Examiner's findings and recommendations were adopted and incorporated by the Complaint Adjudication Officer in his opinion dated July 22, 1974. It was further ordered by the Complaint Adjudication Officer that monthly reports be made to the Director of EEO until plaintiff was given priority consideration resulting in her promotion.

This matter was briefed and argued orally in this Court by counsel for the parties. At the hearing the Assistant U. S. Attorney representing the federal defendants conceded that plaintiff has been a victim of racial discrimination. The principal area of controversy between plaintiff and the federal defendants at the hearing was whether this Court should grant a hearing *de novo* on the entire matter or merely conduct a hearing as to remedy.

In view of the Government's concession that there was merit to the discrimination claim, no policy of Title VII of the Civil Rights Act can be advanced by conducting a *de novo* hearing on the merits.

On the present state of the record, the defendants have been found guilty of racial discrimination, and there remains for decision now only the question of what relief will make plaintiff whole for the wrongs concededly done to her. Accordingly, it is

ORDERED:

The defendants' motion to dismiss or for summary judgment is denied, and the case will stand for a hearing on remedy and damages.